UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                    -against-

DANIEL O'NEIL,

                  Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CR-00444 (JMA) (SIL)

**APPEARANCES:**

Mark J. Lesko
   Acting United States Attorney
Charles N. Rose
   Assistant United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
   *Attorneys for the United States*

Nancy L. Bartling
The Bartling Law Firm
300 Old Country Road, Ste 341
Mineola, NY 11501
   *Attorney for Daniel O'Neil*

**AZRACK, United States District Judge:**

Pending before the Court is the motion for compassionate release of defendant Daniel O'Neil ("Defendant"). (ECF No. 100.) For the reasons set forth below, the Court denies Defendant's motion.

## I. BACKGROUND

### A. Guilty Plea and Sentence

On January 3, 2018, Defendant pleaded guilty to one count of conspiracy to distribute fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (ECF No. 3.) This Court sentenced

him to 40 months of incarceration followed by three years of supervised release. (ECF No. 92.) Defendant is scheduled to be released in April 2022. (ECF No. 102 at 3.)

### B. The Instant Motion

On February 22, 2021, Defendant, represented by counsel, moved this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 100.) Defendant argues that his medical condition, obesity, in conjunction with the Section 3553(a) factors warrant a reduction in his sentence. (Id.) The government opposed his motion in a letter dated March 12, 2021 and filed on April 7, 2021. (ECF No. 102.)

## II. LEGAL STANDARD

### A. Standard of Review

Unless an exception applies, a "court may not modify a term of imprisonment once it has been imposed." United States v. Pinto-Thomaz, No. 18-CR-579, 2020 WL 1845875, at *2 (S.D.N.Y. Apr. 13, 2020) (quoting 18 U.S.C. § 3582(c)). The First Step Act, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute provides courts with discretion to grant compassionate release when there are (1) "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United

States v. Canales, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, No. 19-CR-3218, 2020 WL 5739712, at *7 (2d. Cir. Sept. 25, 2020) (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."); see also Simon v. United States, No. 07-CR-474, 2020 WL 5764322, at *2-3 (S.D.N.Y. Sept. 28, 2020) (quoting Brooker, 2020 WL 5739712, at *7).

Even if extraordinary and compelling reasons exist, a "court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020); see also Simon, 2020 WL 5764322, at *3.

### III.  DISCUSSION

#### A. Exhaustion

The parties do not dispute that Defendant exhausted his administrative remedies.

#### B. Extraordinary and Compelling Reasons for Release

Defendant bears "the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist." United States v. Gotti, No. 02-CR-743-07, 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020). Defendant, who is 35 years-old, argues that he is at an increased risk of

contracting COVID-19 and developing severe illness should he contract COVID-19 because he has a body mass index of 31.45, which is considered as obese. (ECF No. 100 at 9-10.) Defendant also argues that the past and current conditions at FCI Danbury, where he is incarcerated, warrant his release.

The government argues, first, that Defendant's medical condition is not extraordinary and compelling and specifically notes that for the majority of time Defendant has been incarcerated, his BMI has been below the obesity classification—less than 30. (ECF No. 102 at 3.) The government also informs the Court that on February 23, 2021, one day after Defendant filed the instant motion for compassionate release, FCI Danbury offered him the opportunity to take the Moderna COVID-19 vaccine. (Id. at 4.) After being counseled on the risks and benefits by a pharmacist, Defendant declined to get the vaccine. The government notes that it can "only speculate" as to the reasons Defendant declined. (Id.)

Though the Court is sympathetic to Defendant's medical condition, it is by no means certain Defendant will contract COVID-19, particularly in light of: (1) the protective measures the BOP has taken to curb spread of the disease; and (2) the fact that currently 0 inmates are testing positive for COVID-19 at FCI Danbury.[1]  Additionally, Defendant was offered the COVID-19 vaccine and chose not to take it for reasons unknown to the Court.

The Court acknowledges that Defendant's medical condition of obesity places him at a heightened vulnerability for experiencing complications were he to contract the virus. However, courts have denied compassionate release motions by defendants with obesity. See United States

---

[1] On April 26, 2021, the number of inmates at FCI Danbury currently testing positive for COVID-19 is 0 and the number of staff testing positive for COVID-19 is 0. The BOP website states that to date, 165 inmates and 83 staff have recovered from COVID-19 and there has been 1 death. See Federal Bureau of Prisons, COVID-19 Cases, www.bop.gov/coronavirus (providing daily calculations of confirmed infections) (accessed on April 26, 2021, at 1:03 p.m.).

4

v. Mavumkal, No. 17-CR-654, 2020 WL 4365279, at *1 (S.D.N.Y. July 30, 2020) (denying compassionate release to 33 year-old defendant with severe obesity, diabetes, and high cholesterol); United States v. Bayfield, No. 14-CR-356, 2020 WL 2615937 (E.D.N.Y. May 21, 2020) (denying compassionate release to 48 year-old defendant with obesity and hypertension). Nonetheless, even if the Court were to assume, arguendo, that Defendant's "medical conditions put him at higher risk than the average inmate" to the effects of COVID-19, the relevant sentencing factors do not support a reduction of his sentence, as explained below. United States v. Carter, 18-CR-390, 2020 WL 3051357, at *3 (S.D.N.Y. June 8, 2020).

## C. Consideration of Section 3553(a) Factors

The application of the relevant Section 3553(a) sentencing factors does not support compassionate release.[2]

Defendant argues that his history of drug addiction, non-violent criminal history, and personal characteristics, including that he is the father of three young children support his motion. (ECF No. 100 at 14-18.) Defendant informs the Court that he has used his time in prison to better himself and is committed to staying sober. (Id. at 18.) Defendant also submits multiple supportive

---

[2] These factors are:
- (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
- (2) the need for the sentence imposed—
  - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  - (B) to afford adequate deterrence to criminal conduct;
  - (C) to protect the public from further crimes of the defendant; and
  - (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
- (3) the kinds of sentences available;
- (4) [the kinds of sentences and sentencing range provided for in the USSG]
- (5) any pertinent [Sentencing Commission policy statement]
- (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
- (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

5

letters from his family and numerous letters with job offers that he would have upon release. (ECF Nos. 5, 7-10.) The Court commends Defendant for his commitment to sobriety and bettering himself while incarcerated. However, the Court already considered his history of drug addiction, non-violent criminal history, and personal characteristics when sentencing him just over a year ago.

Additionally, compassionate release would create an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct. A reduction of the Court's original sentence would also fail to reflect the seriousness of the offense Defendant committed and would not provide a just punishment for his conduct. It would also undermine the Court's attempt to use the sentence to promote respect for the law and serve as a deterrent for criminal conduct. For the reasons set forth in detail on the record at Defendant's sentencing, which the Court incorporates by reference, Defendant's sentence was necessary to achieve these goals. Accordingly, the Section 3553(a) factors weigh against granting Defendant's motion.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion is DENIED.

**SO ORDERED.**

Dated: April 26, 2021
      Central Islip, New York

                                                /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE